# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10-CV-394

| | |
|---|---|
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DANITA MITCHELL, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court upon Defendant's Motion to Proceed *In Forma Pauperis* [D.I. 1] and Defendant's Motion for Removal and for a Preliminary Injunction [D.I. 2]. For the reasons set out below, the Defendant's Motion is **DENIED** and the case is hereby **DISMISSED**.

This is the sixth case that the Defendant has filed in the North Carolina federal court system (4:07-CV-139 (E.D.N.C.); 3:10-CV-148 (W.D.N.C.); 3:10-CV-275(W.D.N.C.); 3:10-CV-281 (W.D.N.C.); 5:07-CV-334 (E.D.N.C.)). The last claim that the Defendant filed with this Court was denied as frivolous. Order, Mitchell v. Boner, 3:10-CV-281 (W.D.N.C. July 15, 2010). In this instance, Defendant seeks to remove civil and criminal proceedings pending against her from the District Court of Mecklenburg County to this Court under 28 U.S.C. § 1443 (the cases the Defendant seeks to remove are Civil Case Nos. 08CVD22637, 09R623, 04CVD18499, and Criminal Case Nos. 09CR247365, 09CR2475050, 10CR206566, 10CR206567). Without citing any specific statute, Ms. Mitchell claims she has been "repeatedly denied due process, fair trial, effective legal counsel, equal civil rights as a citizen of the United States." Defendant's Motion for Preliminary Injunction and Motion for Removal, ¶ 1. Ms.

Mitchell asserts her claims against "all Mecklenburg County District and Superior court judges." Id. ¶ 2.

The Defendant has failed to show that this Court has jurisdiction over these matters. A removal petition under 28 U.S.C. § 1443(1) must meet a two part test. "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality . . . .' Second, it must appear, in accordance with the provisions of § 1443(1) that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 803 (1966)).

As in her previous cases, the Defendant makes constitutional claims that are "far too conclusory to state a constitutional claim for relief." Order, Mitchell v. Loven, No. 3:10-CV-275 (W.D.N.C. June 29, 2010) at 3; Order, Mitchell v. Boner *et al*, 3:10-CV-281 (W.D.N.C. July 15, 2010) at 2. The Defendant has made no showing in the record that she cannot receive a fair trial in the North Carolina state courts or that she has been denied due process, effective assistance of counsel or equal rights. Accordingly, the Defendant's Motion to Remove and Motion for a Preliminary Injunction are **DENIED**.

Defendant's ability to proceed *in forma pauperis* is governed by statute, which provides "any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . [stating that] the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). The statute also includes limits to a petitioner's ability to proceed *in forma pauperis*. Namely, "the court shall dismiss the case at any time the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief might be granted; or (iii) seeks monetary relief against a

defendant who is immune from such relief." Id. § 1915(e)(2)(B). Like the Defendant's previous case before this court, the Defendant's allegations are facially frivolous, malicious and without merit. The Defendant's Motion to Proceed *In Forma Pauperis* is therefore **DENIED**.

Signed: April 4, 2011

Graham C. Mullen
United States District Judge